UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10051-MWF (PVCx)  **Date:** July 2, 2021
**Title:**   James Shayler v. MMWH Group LLC et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT [49]

Before the Court is Defendants MMWH Group LLC and Wasim Hamad's Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction (the "Motion"), filed on April 29, 2021. (Docket No. 49). On May 17, 2021, Plaintiff James Shayler filed an Opposition. (Docket No. 50). On May 24, 2021, Defendants filed a reply. (Docket No. 51).

The Motion was noticed to be heard on June 7, 2021. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing was also consistent with General Order 21-07, arising from the COVID-19 pandemic.

For the reasons set forth below, the Motion is **GRANTED** *with leave to amend*. Plaintiff contends that Defendants' property (the "Property") contains several barriers in violation of the 2010 Americans with Disabilities Act Standards for Accessible Design (the "2010 Standards"), but Plaintiff fails to allege facts plausibly demonstrating that the 2010 Standards apply to the Property.

On amendment, Plaintiff must allege facts showing that the 2010 Standards apply to the Property, or in the alternative, that the Property contains barriers in violation of the applicable 1991 ADA Standards. Plaintiff is warned that he will only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 20-10051-MWF (PVCx) | **Date:**  July 2, 2021 |
| **Title:**     James Shayler v. MMWH Group LLC et al. | |

have one further opportunity to strengthen his allegations. Any future successful motion to dismiss shall be granted *without* leave to amend.

I. **BACKGROUND**

Plaintiff commenced this action on November 2, 2020. (Complaint (Docket No. 1)). On February 26, 2021, Plaintiff filed his First Amended Complaint ("FAC"). (Docket No. 30). Plaintiff then filed a Second Amended Complaint ("SAC") on April 5, 2021. (Docket No. 36). The SAC contains the following allegations, which the Court accepts as true, construing any inferences arising from those facts in the light most favorable to Plaintiff. *See Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff") (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)).

Plaintiff is a California resident with disabilities. (SAC ¶ 1). He has had two knee surgeries, which cause him severe pain and weak legs. (*Id.*). Plaintiff also suffers from several other physical conditions including a pinched sciatic nerve, neuropathy on the bottom of his feet, spinal arthritis, spinal stenosis, spondylosis, herniated disk, and an injury to his right arm. (*Id.*). Because of these conditions, Plaintiff has difficulty walking and standing and requires the use of a cane or walker for mobility. (*Id.*).

Defendants own the property located at 600 N. Poplar Ave., Montebello, CA 90640 ("the Property"). (*Id.* ¶¶ 2, 6). Plaintiff visited the Property on December 16, 2019, August 17, 2020, and September 14, 2020, to patronize the business located on the Property. (*Id.* ¶ 12). Plaintiff used his cane during each of his visits. (*Id.*).

On all three visits to the Property, Plaintiff experienced barriers related to parking, signage, entryways, and paths of travel. (*Id.* ¶ 18). The barriers he encountered included the Property's failure to (a) maintain a level surface throughout the accessible route of travel, (b) adhere to the length and width requirements for the designated parking space and access aisle, and (c) secure the front entrance mat, among

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-10051-MWF (PVCx) | **Date:** July 2, 2021 |
| **Title:** James Shayler v. MMWH Group LLC et al. | |

several others. (*Id.* ¶ 20). These barriers interfered with and denied Plaintiff the ability to use and enjoy the goods, services, privileges, and/or accommodations offered at the Property. (*Id.* ¶ 15).

The Property is located within a quarter mile of Beverly Hospital Center for Advanced Wound Healing, where Plaintiff has received treatment. (*Id.* ¶ 13). Plaintiff has purchased items such as chips and soda from the Property after his visits to the hospital. (*Id.*). Plaintiff intends to visit the Property soon because of its proximity to Beverly Hospital, but is currently deterred because of his knowledge of the barriers that continue to exist at the Property. (*Id.* ¶ 26).

Based on these allegations, Plaintiff brings claims for violations of the ADA. (*See generally* SAC).

## II.  LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-10051-MWF (PVCx)          Date: July 2, 2021
Title:     James Shayler v. MMWH Group LLC et al.

     The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

### III.   DISCUSSION

#### A.   Standing

     "[A]s with other civil rights statutes, to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc) (citations omitted).

     To have standing to pursue an ADA claim for injunctive relief, a plaintiff must establish an injury-in-fact. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1179 (9th Cir. 2021) (citing *Chapman*, 631 F.3d at 954). To allege an injury-in-fact sufficient to confer standing, a plaintiff must demonstrate that "his injury was concrete and particularized, and actual or imminent rather than conjectural or hypothetical." *Whitaker v. Panama Joes Invs. LLC*, 840 F. App'x 961, 963 (9th Cir. 2021) (citing *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008)).

     "Allegations that a plaintiff suffered discrimination because he confronted at least one specific barrier relating to his disability satisfy the requirement to show a concrete and particularized injury for standing to pursue an ADA claim." *Id.* (citing *Chapman*, 631 F.3d at 954). Additionally, "[a]n allegation that the plaintiff is currently deterred from visiting a facility because he is aware of discriminatory conditions there suffices to demonstrate an imminent injury[.]" *Id.* at 963-64 (citing *Civil Rights Educ. And Enf't Ctr. v. Hospitality Props. Tr. ("CREEC")*, 867 F.3d 1093, 1101 (9th Cir. 2017)). "But, to be deterred from making use of the defendant's facility, one must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10051-MWF (PVCx)         **Date:** July 2, 2021
**Title:**     James Shayler v. MMWH Group LLC et al.

have ***a true desire to return*** to the facility but for the barriers." *Rutherford v. JC Resorts, LLC*, No. 19-CV-00665-BEN-NLS, 2020 WL 4227558, at *5 (S.D. Cal. July 23, 2020) (emphasis added) (citing *D'Lil*, 538 F.3d at 1037-38); *see also Gastelum v. Canyon Hospitality LLC*, No. 17-CV-2792-PHX-GMS, 2018 WL 2388047, at *6 (D. Ariz. May 25, 2018) ("the Ninth Circuit did not relax the requirement that the plaintiff demonstrate real and immediate threat of repeated injury by showing a legitimate intent to visit again the public accommodation in question").

    Defendants argue that Plaintiff provides only "bare allegations" that are insufficient to establish a particularized injury required for standing. (Motion at 14). The Court disagrees.

    The Ninth Circuit recently explained in *Whitaker v. Tesla Motors, Inc. ("Tesla")* how an ADA plaintiff's burden differs under Rule 12(b)(1) and Rule 12(b)(6). 985 F.3d 1173. The *Tesla* Court explained that allegations are sufficient to establish injury-in-fact for standing purposes where an ADA plaintiff alleges that he (1) has a disability, (2) visited the defendant's premises, (3) personally encountered a barrier related to his disability, and (4) is presently deterred from returning because of the barrier. *Id.* at 1179 (citing *Chapman*, 631 F.3d at 954). Importantly, however, the Ninth Circuit distinguished its "broad view of ***constitutional standing*** in civil rights cases" from the federal pleading requirements, explaining that it has "never held that civil rights litigants are exempt from satisfying the pleading standard demanded by *Iqbal* and *Twombly*. To the contrary, we expressly recognized in *Starr* that it is not sufficient for a pleading to 'simply recite the elements of a cause of action.'" *Id.* at 1177 (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasis in original).

    Plaintiff has established injury-in-fact for standing purposes because he has alleged that he (1) has a disability, (2) visited Defendants' premises, (3) personally encountered barriers related to his disability at the premises, and (4) is presently deterred from returning to the Business because of the barriers. (*See generally* SAC). Accordingly, to the extent that Defendants' standing argument challenges Plaintiff's factually bare allegations, such arguments are properly addressed under the *Twombly*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10051-MWF (PVCx)          **Date:** July 2, 2021
**Title:** James Shayler v. MMWH Group LLC et al.

and *Iqbal* pleading requirements rather than the constitutional standing doctrine. *See Tesla*, 985 F.3d at 1177-79.

Defendants also assert that Shayler lacks standing to bring violations of several ADA regulations that are designed to benefit only wheelchair users, not people who walk with the assistance of a cane, like Plaintiff. (Motion at 16) (citing *O'Campo v. Bed Bath & Beyond of Cal., LLC*, 610 F. App'x 706 (9th Cir. 2015)). In particular, Defendants claim that Shayler lacks standing to challenge (1) the Business's uneven surface from the parking stall to the entrance, (2) the length and width of the accessible parking space, (3) the access aisle's cross-slopes, and (4) the unsecured floor mat. (Motion at 15-20).

Defendants' reliance on *O'Campo* is misplaced. In *O'Campo*, the plaintiff — who used a cane for mobility — alleged that he had encountered a barrier consisting of incomplete insulation of pipes under the lavatory sink. 610 F. App'x at 708. The Ninth Circuit affirmed the dismissal of the ADA claims on standing grounds, explaining that "[a]n ADA plaintiff has suffered an injury-in-fact when he encounters 'a barrier that deprives him of full and equal enjoyment of the facility ***due to his particular disability***.'" *Id.* (quoting *Chapman*, 631 F.3d at 944) (emphasis in original). Because "the legs of a standing person would not be underneath the lavatory while that person washed his hands[,]" the Ninth Circuit determined that the lavatory sink barrier would not reasonably interfere with the plaintiff's full and equal access of the premises, since the plaintiff used a cane, rather than a wheelchair, for mobility. *Id.*

Unlike the lavatory sink barrier in *O'Campo*, which did not interfere with the rights of people suffering from the plaintiff's particular disability, the barriers that Plaintiff alleges do plausibly interfere with a cane user's full and equal access to the Business. For example, Plaintiff alleges that on "the ground/route between the designated disabled parking space and the business entrance, there is cracked and broken asphalt that creates verticals over 1/2 inch." (SAC at 8). Plaintiff alleges that "excess changes in level pose risks to Plaintiff, including that he may trip and/or fall, and/or that his cane or walker may become trapped in an uneven surface." (*Id.*). In addition, it is plausible that the other alleged barriers (*e.g.*, insufficient accessible

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 20-10051-MWF (PVCx) | Date: July 2, 2021 |
| Title: James Shayler v. MMWH Group LLC et al. | |

parking space length and width) would make it more difficult for a person walking with a cane to enter and exit a parking space, and navigate into and out of the Business safely. Because the Business's alleged barriers may plausibly interfere with Plaintiff's full and equal access to the Business while using his cane, he does not lack standing.

Defendants also claim that because Plaintiff fails to indicate the proximity of the Property to his residence, he has failed to allege a likelihood of future injury. (Motion at 21). This argument is unavailing.

*Doran v. 7-Eleven, Inc.* is instructive. 524 F.3d 1034 (9th Cir. 2008). There, the Ninth Circuit determined that the plaintiff suffered a "concrete, particularized, actual and imminent" injury sufficient for standing, where the plaintiff alleged that he (1) personally suffered discrimination as a result of the barriers at the business, (2) had previously visited the location, (3) was deterred from visiting due to ADA violations, and (4) had future, concrete plans to visit the business. *Id.* at 1040-41. The plaintiff's future plans to visit the business during his annual trip to Disneyland were sufficient to establish standing, despite the fact that the business and Disneyland were over 500 miles from his residence. *Id.* at 1039-40.

Plaintiff alleges that he is deterred from returning to the Property because of his knowledge of alleged barriers. (SAC ¶¶ 20, 26). Plaintiff also articulates specific future plans to return to the Property to purchase "snacks and/or other items" because of its close proximity to Beverly Hospital, a place that Plaintiff visits for medical appointments. (*Id.* ¶ 48). Because Plaintiff has alleged specific plans and reasons establishing why he would visit the Property in the future, Plaintiff has demonstrated a real and immediate threat of repeated injury. The fact that Plaintiff does not indicate the proximity of his residence to the Property does not prevent him from establishing standing. *See Doran*, 524 F.3d at 1040.

Accordingly, the Motion with respect to standing is **DENIED**.

### B. Sufficiency of the Allegations

#### 1. Defendants' photographs of the alleged barriers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-10051-MWF (PVCx)         Date: July 2, 2021
Title:     James Shayler v. MMWH Group LLC et al.

Rather than accept the factual allegations in the SAC as true, Defendants attempt to challenge the merits of Plaintiff's claims by submitting and referencing photographs of the Property's alleged barriers. (*See* Declaration of Wasim Hamad, Exs. A-O (Docket Nos. 46-5 through 46-19)). Defendants advance no argument as to why it would be proper for the Court to consider the photographs in ruling on the Motion. (*See generally* Motion).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019). Under Federal Rule of Evidence 201, a court may not take judicial notice of facts that are "subject to reasonable dispute." Fed. R. Evid. 201(b). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)(1)-(2)).

Because Defendants have made no showing that consideration of the photographs is proper in ruling on the Motion, the Court declines to address Defendants' arguments in so far as they reference the photographs' contents.

       **2.**      **Applicability of the 2010 Standards**

To plead an ADA claim, the plaintiff must allege that: (1) he or she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) he or she was denied public accommodation by the defendant because of his or her disability. *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.,* 603 F.3d 666, 670 (9th Cir. 2010)).

"The third element — whether plaintiffs were denied public accommodations on the basis of disability — is met if there was a violation of applicable accessibility

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10051-MWF (PVCx)         **Date:** July 2, 2021
**Title:**     James Shayler v. MMWH Group LLC et al.

standards." *Id.* "Those standards are set forth by the ADA Accessibility Guidelines ('ADAAG'), which 'provide [ ] the objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations.'" *Johnson v. Wayside Prop., Inc.*, 41 F. Supp. 3d 973, 976 (E.D. Cal. 2014) (quoting *Chapman*, 631 F.3d at 945).

There are two versions of the ADAAG: the 1991 Standards and the 2010 Standards. *Johnson*, 41 F. Supp. 3d at 976 (E.D. Cal. 2014) ("The [DOJ] promulgated the ADAAG in 1991 and revised it in 2010."). "All architectural and structural elements in a facility are required to comply with the 1991 Standards to the extent that compliance is readily achievable; by contrast, the 2010 [S]tandards apply only to elements that have been altered in existing facilities, or that fail to comply with the 1991 Standards, on or after March 15, 2012." *Id.* (internal citation omitted). In sum, only buildings constructed or altered on or after March 15, 2012, must comply with the 2010 Standards. ADAAG § 35.151(c)(3).

The SAC alleges several violations of the 2010 Standards. (*See, e.g.*, SAC at 9-10 (ADAAG § 502.2 (length and width of parking space)), 13-14 (ADAAG § 402.3.3 (ground surface sign), 17-18 (ADAAG § 502.3.3 (hatch lines at the access aisle)). However, the SAC lacks sufficient facts establishing that the Property was required to comply with the 2010 Standards, as opposed to the 1991 Standards.

Plaintiff alleges that "[t]he Property has been newly constructed and/or underwent remodeling, repairs, or alterations after January 26, 1992." (SAC ¶ 4). Without more specific information about the date that the Property was constructed or altered, the Court cannot determine which version of the ADAAG applies to the Property. At a minimum, because the SAC does not allege that the Property was constructed or altered on or after March 15, 2012, Plaintiff fails to plausibly show that the Property is governed by the 2010 Standards.

The Court will grant Plaintiff an opportunity to amend the SAC to remedy this problem. On amendment, Plaintiff must either (1) rely solely upon the 1991 Standards, or (2) allege facts showing that the 2010 Standards apply to the Property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-10051-MWF (PVCx)           Date:  July 2, 2021
Title:     James Shayler v. MMWH Group LLC et al.

### 3. California Building Code violations

The SAC alleges that the Property's parking lot violates the California Building Code, which in turn violates the ADA.  (SAC ¶¶ 15-16).  In particular, Plaintiff alleges that Defendants violated the ADA because the tow-away sign in the handicap parking space was missing, in violation of California Building Code sections 11B-502.8, 11B-502.8.2.  (*Id.*).

The Court joins numerous district courts in holding that a violation of the California Building code "is insufficient to state a violation of the ADA."  *Cho v. Monroy*, CV 19-10416-FMO (RAOx), 2020 WL 7869526, at *2 (C.D. Cal. Nov. 2, 2020) (denying default judgment for ADA claim where plaintiff alleged violations of the California Building Code); *see also Vogel v. Kafco P'ship*, CV 19-656-R (MRWx), 2019 WL 8108714, at *3 (C.D. Cal. Sept. 25, 2019) (denying summary judgment for plaintiff on ADA claim for violation of California Building Code); *see also Garibay v. Rodriguez*, CV 18-9187-PAA (FMx), 2019 WL 8060795, at *3 (C.D. Cal. Dec. 19, 2019) (same); *Johnson v. Kohanbash Century Plaza, Ltd. Liab. Co.*, 2019 U.S. Dist. LEXIS 131881, at *12-13 (E.D. Cal. Aug. 6, 2019) (same); *Shaw v. Kelley*, No. 16-CV-03768-VKD, 2019 WL 497620, at *4 (N.D. Cal. Feb. 7, 2019) (same); *Johnson v. 42816 Mission Blvd LLC*, No. 17-CV-03040-CRB, 2018 WL 3008677, at *2 (N.D. Cal. June 15, 2018) (same).

Because violations of the California Building Code do not constitute violations of the ADA, Plaintiff is warned that he may not rely upon the California Building Code in his amended complaint.

## IV. CONCLUSION

For the reasons stated above, the Motion is **GRANTED *with leave to amend***.  On amendment, Plaintiff must allege facts demonstrating that the Property

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 20-10051-MWF (PVCx)         **Date:**  July 2, 2021
Title:     James Shayler v. MMWH Group LLC et al.

either (1) violates the 1991 Standards, or (2) is governed by the 2010 Standards because of the date that it was constructed or altered.  In addition, Plaintiff may not rely upon violations of the California Building Code in alleging violations of the ADA.

     Plaintiff shall file his Third Amended Complaint ("TAC") on or before **July 15, 2021**.  Failure to do so will result in dismissal of the action *with prejudice*.  Defendants must respond to the TAC on or before **July 29, 2021**.  Plaintiff is warned that he will only have one further opportunity to strengthen his allegations.  Any future successful motion to dismiss shall be granted *without* leave to amend.

     IT IS SO ORDERED.