UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 20-10051-MWF (PVCx) | **Date:** | September 16, 2021 |
| **Title:** | James Shayler v. MMWH Group LLC et al. | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                                     Court Reporter:
Rita Sanchez                                      Not Reported

Attorneys Present for Plaintiff:         Attorneys Present for Defendant:
None Present                                      None Present

**Proceedings (In Chambers):**     ORDER DENYING MOTION TO DISMISS THIRD AMENDED COMPLAINT [57]

Before the Court is Defendants MMWH Group LLC and Wasim Hamad's Motion to Dismiss Plaintiff's Third Amended Complaint for Failure to State a Claim (the "Motion"), filed on July 29, 2021. (Docket No. 57). On August 23, 2021, Plaintiff James Shayler filed an Opposition. (Docket No. 58). On August 30, 2021, Defendants filed a Reply. (Docket No. 60).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on September 13, 2021, pursuant to General Order 21-05 arising from the COVID-19 pandemic. (Docket No. 63).

For the reasons set forth below, the Motion is **DENIED**. The Court dismissed Plaintiff's Second Amended Complaint because Plaintiff failed to allege facts showing that the 2010 Americans with Disabilities Act Standards for Accessible Design (the "2010 Standards") applied to Defendants' property. Plaintiff's Third Amended Complaint cures this deficiency by limiting its allegations to violations of the applicable 1991 ADA Standards.

In addition to arguing that Plaintiff failed to state a claim, Defendants' Reply challenges Plaintiff's Article III standing as a disabled person because recent photographs taken of Plaintiff reveal that he can easily navigate uneven surfaces without the use of a cane, which directly contradicts the allegations set forth in the Complaint. (Reply at 4). Because the Court may not, as a general rule, "consider any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-10051-MWF (PVCx)**                    **Date:  September 16, 2021**
**Title:      James Shayler v. MMWH Group LLC et al.**

material beyond the pleadings in ruling on a Rule 12(b)(6) motion," the Court will not address the photographs in this Order.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

The parties dispute the significance of the photographs that allege a discrepancy between Plaintiff's allegations and Plaintiff's illustrated mobility.  To resolve the dispute, Plaintiff is **ORDERED TO SHOW CAUSE** by **October 12, 2021** whether summary judgment should be granted against Plaintiff.  Defendant should file its reply by **October 19, 2021**.

I.      **BACKGROUND**

Plaintiff commenced this action on November 2, 2020.  (Complaint (Docket No. 1)).  On February 26, 2021, Plaintiff filed his First Amended Complaint ("FAC"). (Docket No. 30).  Plaintiff then filed a Second Amended Complaint ("SAC") on April 5, 2021, and a Third Amended Complaint ("TAC") on July 15, 2021.  (Docket Nos. 36, 56).  The TAC contains the following allegations, which the Court accepts as true, construing any inferences arising from those facts in the light most favorable to Plaintiff.  *See Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff") (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)).

Plaintiff is a California resident with disabilities.  (TAC ¶ 1).  He has had two knee surgeries, which cause him severe pain and weak legs.  (*Id.*).  Plaintiff also suffers from several other physical conditions including a pinched sciatic nerve, neuropathy on the bottom of his feet, spinal arthritis, spinal stenosis, spondylosis, herniated disk, and an injury to his right arm.  (*Id.*).  Because of these conditions, Plaintiff has difficulty walking and standing and requires the use of a cane or walker for mobility.  (*Id.*).

Defendants own the property located at 600 N. Poplar Ave., Montebello, CA 90640 ("the Property").  (*Id.* ¶¶ 2, 6).  Plaintiff visited the Property on December 16,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10051-MWF (PVCx)          **Date:** September 16, 2021
**Title:**     James Shayler v. MMWH Group LLC et al.

2019, August 17, 2020, and September 14, 2020, to patronize the business located on the Property. (*Id.* ¶ 12). Plaintiff used his cane during each of his visits. (*Id.*).

On all three visits to the Property, Plaintiff experienced barriers related to parking, signage, entryways, and paths of travel. (*Id.* ¶ 19). The barriers he encountered included the Property's failure to (a) adjoin access aisles to an accessible access route, (b) maintain a level surface throughout the accessible route of travel, (c) clearly mark the disabled parking stall, (d) adhere to slope requirements for the designated parking space and access aisle, and (e) display an International Symbol of Accessibility (ISA) sign at the front entrance to the Property. (*Id.*). These barriers interfered with and denied Plaintiff the ability to use and enjoy the goods, services, privileges, and/or accommodations offered at the Property. (*Id.* ¶ 14).

The Property is located within a quarter mile of Beverly Hospital Center for Advanced Wound Healing, where Plaintiff has received treatment. (*Id.* ¶ 12). Plaintiff has purchased items such as chips and soda from the Property after his visits to the hospital. (*Id.*). Plaintiff intends to visit the Property soon because of its proximity to Beverly Hospital, but is currently deterred because of his knowledge of the barriers that continue to exist at the Property. (*Id.* ¶ 25).

Based on these allegations, Plaintiff brings claims for violations of the ADA. (*See generally* TAC).

## II.  LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 20-10051-MWF (PVCx) | Date: September 16, 2021 |
| Title: James Shayler v. MMWH Group LLC et al. | |

*Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

### III.  DISCUSSION

#### A.  Standing

In the Motion, Defendants never challenge Plaintiff's Article III standing to bring an ADA claim. (*See generally* Motion). Rather, on Reply, Defendants introduce new, extrinsic evidence in the form of photographs and argue that Plaintiff lacks standing to assert his claims. (Reply at 3-4).

The Court will not consider Defendants' standing argument raised on Reply for two reasons:

***First,*** the evidence introduced goes beyond the face of the Complaint and weighing such evidence in a Motion to Dismiss would be improper. *See Lee*, 250 F.3d at 688.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-10051-MWF (PVCx)        Date: September 16, 2021
Title:     James Shayler v. MMWH Group LLC et al.

*Second*, the Court will not consider new arguments raised for the first time in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *In re China Intelligent Lighting & Electronics, Inc. Sec. Litig.*, No. CV 11-2768 PSG SSX, 2012 WL 3834815, at *4 (C.D. Cal. Sept. 5, 2012) ("The Court will not address new arguments raised for the first time in a reply brief." ); *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers.").

Nonetheless, in the Court's Order dismissing Plaintiff's SAC, the Court explicitly analyzed whether Plaintiff had standing to bring nearly identical ADA claims and determined that Plaintiff did have standing to bring such claims. (Docket No. 55).

### B.     Sufficiency of the Allegations

#### 1.     Defendants' drawings of the alleged barriers

In Defendants' Motion to Dismiss Plaintiff's SAC, they submitted and referenced photographs of the alleged barriers in an attempt to challenge the merits of Plaintiff's claims. (*See* Declaration of Wasim Hamad, Exs. A-O (Docket Nos. 46-5 through 46-19)). The Court declined to address Defendants' arguments to the extent they referenced the contents of the photographs because without justification, referencing extrinsic photographs to decide a Motion to Dismiss is improper. (Docket No. 55); *See City of Royal Oak Retirement System v. Juniper Networks, Inc.*, 880 F.Supp.2d 1045, 1060 (N.D. Cal. 2012) ("a court cannot consider evidence outside the pleadings without converting the motion to dismiss into one for summary judgment").

Now in Defendants' Motion to Dismiss Plaintiff's TAC, they again submit and reference extrinsic evidence, but instead of using photographs, Defendants submit unverified drawings of the alleged barriers. (Docket No. 57-2).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee*, 250 F.3d 668, 688 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-10051-MWF (PVCx) | Date:  September 16, 2021 |
| Title:      James Shayler v. MMWH Group LLC et al. | |

2001). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019).  Under Federal Rule of Evidence 201, a court may not take judicial notice of facts that are "subject to reasonable dispute." Fed. R. Evid. 201(b).  "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)(1)-(2)).

Because Defendants have made no showing that consideration of the drawings is proper in ruling on the Motion, the Court declines to address Defendants' arguments in so far as they reference the contents of the drawings.

### 2.      Plaintiff's claims are sufficiently pled

To plead an ADA claim, the plaintiff must allege that:  (1) he or she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) he or she was denied public accommodation by the defendant because of his or her disability. *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.,* 603 F.3d 666, 670 (9th Cir. 2010)).

Defendants argue that Plaintiff's allegations are either "incomprehensible" or "implausible" and that this case is similar to *Whitaker v. Tesla Motors, Inc*., where the Court dismissed ADA claims that merely recited legal conclusions that coincided with the elements of an ADA claim.  No. CV 19-6605-MWF-E, 2019 WL 7877377, at *3 (C.D. Cal. Oct. 17, 2019), aff'd, 985 F.3d 1173 (9th Cir. 2021); (Motion at 3).  The Court disagrees.

In *Whitaker*, the plaintiff alleged that Tesla failed to provide accessible service counters, but the allegations lacked factual detail. *Id.* at 1177.  "The complaint failed to answer basic questions: Were the service counters too low? Or too high? Were they positioned in an area that was inaccessible for another reason? *Id*.  The Ninth Circuit determined that, "[w]ithout this sort of factual detail, the district court and Tesla were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-10051-MWF (PVCx) | Date: | September 16, 2021 |
| Title: | James Shayler v. MMWH Group LLC et al. | | |

left in the dark about how the service counters denied Whitaker from full and equal enjoyment of the premises." *Id.*

Unlike *Whitaker*, Plaintiff's TAC does more than recite general legal conclusions. For example, when describing the route from the parking stall to the business entrance, Plaintiff alleges that the route "contains abrupt vertical edges and/or variations over 1/4 inch, including in the portions/areas of the route where the texture/color of the ground changes between the access aisle and walkway leading to the front of the business." (TAC ¶ 19). Defendants argue that this description fails to put them on notice because they are unsure where the "abrupt changes" are along the path. (Motion at 4-5).

Defendants ask, "Is it at the center of the pathway to the entrance of [the Property] or is it at the periphery? Is it visible? Is it avoidable?" *Id*. These questions, however, concern factual issues. And it would be premature to consider these issues when deciding a motion to dismiss. *See Saddler v. Stevens Transp., Inc.*, No. CV 07-08313 RGK (EX, 2008 WL 11422130, at *1 (C.D. Cal. Mar. 20, 2008) ("In ruling on the Motion to Dismiss, the court must resolve any factual disputes in favor of the plaintiff.") (citing *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (9th Cir. 2003).

Accordingly, the Court rules that Defendants' arguments unpersuasive and denies the motion.

IV.   **CONCLUSION**

For the reasons stated above, the Motion is **DENIED.** However**,** Plaintiff is **ORDERED TO SHOW CAUSE,** if any he has, as to why summary judgment should not be entered against him on the ground that he is not disabled, either for lack of standing or for failure to prove an element of the claim. His response to the OSC shall be filed by **October 12, 2021**. Defendant's reply shall be filed by **October 19, 2021.** Failure to file a response by October 12th will result in dismissal of the action.

IT IS SO ORDERED.