UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-10051 MWF (PVCx)                              Date:  January 14, 2022

Title          James Shayler v. MMWF Group LLC, et al.

Present:  The Honorable Pedro V. Castillo, United States Magistrate Judge

|  Marlene Ramirez  |  XTR 1-14-22  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

Attorneys Present for Plaintiff:                          Attorneys Present for Defendants:
Kyle Wilson (special appearance)                                    Ara Sahelian

**PROCEEDINGS:**   **[CHAMBERS] MINUTES OF JANUARY 14, 2022 INFORMAL TELEPHONIC DISCOVERY CONFERENCE (Dkt. No. 78) AND ORDER STRIKING DEFENDANT'S BRIEF RE: MOTION RE: INFORMAL DISCOVERY DISPUTE AS PREMATURE (Dkt. No. 80)**

    At the parties' request, on January 14, 2022, the Court convened an informal telephonic discovery conference to address the parties' disputes regarding the deposition of Defendant Wasim Hamad.  Kyle Wilson, who is not an attorney of record in this case, appeared specially on behalf of Plaintiff.  After hearing from counsel on both sides, the Court determined that Plaintiff had not fully complied with the meet and confer requirements set forth in Local Rule 37-1 prior to requesting the informal discovery conference.  Because at least some, and perhaps all, of the parties' disputes appear to be resolvable by the parties without Court intervention, the Court terminated the conference pending the parties' compliance with L.R. 37-1.

    The Court reminds the parties that the discovery rules in the Federal Rules of Civil Procedure are intended to provide for the exchange of information *without* court intervention, except in exceptional cases where counsel, acting in good faith, are unable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-10051 MWF (PVCx)                                      Date:  January 14, 2022

Title         James Shayler v. MMWF Group LLC, et al.

to resolve a genuine dispute on their own based on a legitimate question of law.  As one court noted,

> The discovery rules are designed to be largely self-executing; the system relies on counsel's integrity as members of the bar and officers of the Court to act with professionalism and reasonable diligence in meeting their obligations under the rules and under any specific court orders that may issue in a case.

*Synapsis, LLC v. Evergreen Data Sys., Inc.*, 2006 WL 2884413, at *1 (N.D. Cal. Oct. 10, 2006).  To accomplish this goal, "[c]ounsel are expected to cooperate with each other . . . to facilitate the exchange of discoverable information, and to reduce the costs of discovery."  *Welden v. Nova Ortho-Med, Inc.*, 2013 WL 3367647, at *3 (W.D. Wash. July 5, 2013) (internal quotation marks omitted); *see also Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 171 (N.D. Iowa 2017) (2015 revisions to discovery rules meant "to facilitate the disclosure of relevant information and to avoid conflicts by setting out the when, what, and how of discovery, as well as how to raise objections, in ways that should lead to the narrowing of issues and the resolution of disputes without the involvement of the courts").

      In furtherance of the goal of facilitating the resolution of discovery disputes without court intervention, the Central District's Local Rules require the parties to conduct a good faith conference of counsel.  C.D. Cal. L.R. 37-1.  "A good faith attempt to resolve the discovery dispute without court intervention involves more than 'the perfunctory parroting of statutory language on the certificate to secure court intervention,' and requires 'a genuine attempt to resolve the discovery dispute through non-judicial means.'  *Shufflemaster, Inc. v Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996); *see also Reinsdorf v. Skechers U.S.A., Inc.*, 2012 WL 12878325, at *1 (C.D. Cal. Jan. 30, 2012) (the meet and confer requirement in Local Rule 37-1 is intended to encourage "the parties to engage in a good faith effort to resolve the discovery requests

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 20-10051 MWF (PVCx) | Date:  January 14, 2022 |
| Title   James Shayler v. MMWF Group LLC, et al. | |

in dispute without court intervention"). "There is no futility exception to the meet and confer requirement." *Bonner v. Cnty. of Los Angeles*, 2017 WL 10509044, at *1-2 (C.D. Cal. May 19, 2017).

     If either side wishes to present a discovery matter to the Court, the parties are ORDERED to strictly comply with the requirements of Local Rule 37-1 *before* requesting an informal telephonic discovery conference, except that, in light of the pandemic, the parties may choose to conduct the pre-filing conference of counsel via Zoom or some other similar platform instead of in person.  Letters, emails and telephone calls may precede the conference of counsel, but will not, by themselves or in combination, satisfy the requirement to meet and confer via Zoom or in person.

     The Court further reminds the parties that the purpose of an informal telephonic discovery conference is to avoid motion practice wherever possible; it is not simply a hoop a party must jump through to bring a motion.  An informal telephonic discovery conference is a forum for the parties to raise their disputes without investing significant resources briefing the matter in a formal motion.  It is also a vehicle for the Court to provide the parties with some preliminary guidance where possible as to how the Court might approach the matter if it were brought as a motion so that the parties may continue their efforts to resolve the dispute on their own, and, if necessary, make a more informed decision as to whether it is worth the time and expense to bring a formal motion.

     The Court admonishes the parties to take very seriously the requirement to meet and confer in good faith and expects that in so doing, the parties will be able to resolve most of their conflicts, or narrow their disputes to the greatest extent possible.

     Defendant's Brief Re: Motion Re: Informal Discovery Dispute, and attached exhibits at Docket No. 80, is hereby stricken as premature.  IT IS SO ORDERED.

|  | 00:20 |
|---|---|
| **Initials of Preparer** | mr |