UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 20-10051-MWF (PVCx) | **Date:** | August 30, 2022 |
| **Title:** | James Shayler v. MMWH Group LLC et al | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING MOTION FOR RELEIF FROM THE SCHEDULING ORDER IN ORDER FOR PLAINTIFF TO FILE A MOTION FOR SUMMARY JUDGMENT AND FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT [98]

Before the Court is Plaintiff James Shayler's Motion for Relief from the Scheduling Order in Order for Plaintiff to File a Motion for Summary Judgment and For Leave to File a Motion for Summary Judgment (the "Motion"), filed on August 26, 2022.  (Docket No. 98).

The Motion was noticed to be heard on September 26, 2022.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.  Vacating the hearing was also consistent with General Order 21-08 and Order of the Chief Judge 21-124 arising from the COVID-19 pandemic.

Because Plaintiff has failed to establish good cause, the Motion is **DENIED**.

Under Federal Rule of Civil Procedure 16(b)(4), the Court's Scheduling Order "may be modified only for good cause and with the judge's consent." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 20-10051-MWF (PVCx)          **Date:** August 30, 2022
**Title:**     James Shayler v. MMWH Group LLC et al

party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* Rather, modification of the scheduling order is appropriate where the deadline could not "reasonably be met despite the diligence of the party seeking the extension." *Id.*

Here, the Court issued the Scheduling Order on January 12, 2022. (Docket No. 81). The Scheduling Order set the deadline for non-expert discovery cut-off as July 29, 2022, and the last date to hear motions as August 29, 2022. (*Id.* at 2). Plaintiff filed his first Motion for Summary Judgment on May 19, 2022. (Docket No. 85). On June 28, 2022, the Court denied that motion without prejudice, holding it was premature given several discovery issues remained unresolved and the discovery period had not closed. (Docket No. 91 ("Prior Order")). Defendants filed a Motion for Summary Judgment on July 28, 2022, which was heard on August 29, 2022. (Docket Nos. 93 and 99).

As noted, Plaintiff filed this Motion seeking relief from the Scheduling Order on August 26, 2022. Plaintiff argues that he could not timely file his Motion for Summary Judgment because, in order to comply with the Local Rules, he would have had to schedule the meet and confer with Defendants on July 25, 2022, which was prior to the close of discovery on July 29, 2022. (Motion at 11). Apparently, Plaintiff was under the impression that he could not meet and confer with Defendants regarding his contemplated Motion for Summary Judgment prior to the close of discovery based on the Court's Prior Order. (*Id.*). But nothing in the Prior Order indicates that a meet and confer could not take place prior to the close of discovery; the Court merely held that summary judgment at that time was premature given the parties had not resolved several discovery disputes and the discovery period was still open. (Prior Order at 2). Indeed, Defendants were able to bring their Motion for Summary Judgment in accordance with the Scheduling Order and Plaintiff made no complaint in their Opposition regarding Defendants' failure to comply with the meet and confer requirement of the Local Rules. (*See* Docket Nos. 93 (Defendants' Motion for Summary Judgment) and 95 (Plaintiff's Opposition)).

2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 20-10051-MWF (PVCx)        **Date:** August 30, 2022
**Title:**     James Shayler v. MMWH Group LLC et al

      And even if Plaintiff (or his counsel) believed that the Court's Prior Order meant that a meet and confer regarding a Motion for Summary Judgment could not take place until after the close of discovery, thereby making it impossible to timely bring such a motion, Plaintiff would have been aware of that purported impossibility as soon as the Court issued its Prior Order on June 28, 2022. Yet, Plaintiff's Motion requesting relief from the Scheduling Order was not filed until ***two months later***, on August 26, 2022. Plaintiff's conclusory assertion that the Motion was filed "as soon as practicably possible" is insufficient to show that he acted diligently. (Motion at 12). Given Plaintiff's lack of diligence in bringing its Motion, the Court declines to conclude that good cause exists to amend its Scheduling Order. *See Johnson*, 975 F.2d at 609. ("If [the requesting] party was not diligent, the inquiry should end.").

      Accordingly, the Motion is **DENIED**. The Scheduling Order pertaining to subsequent trial dates remains in effect.

      IT IS SO ORDERED.