UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-10051-MWF (PVCx) | Date:  September 2, 2022 |
| Title:      James Shayler v. MMWH Group LLC et al | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING IN PART, DENYING IN PART, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [93]

Before the Court is Defendants MMWH Group LLC's ("MMWH") and Wasim Hamad's ("Hamad") (collectively "Defendants") Motion for Summary Judgment (the "Motion"), filed on July 28, 2022.  (Docket No. 93).  Plaintiff James Shayler filed an Opposition on August 8, 2022.  (Docket No. 95).  Defendants filed a Reply on August 16, 2022.  (Docket No. 96).

The Court has read and considered the papers filed in connection with the Motion and held a hearing on **August 29**, **2022**.

Because there are genuine disputes of material fact, the Motion is **DENIED** as to the uneven surfaces along the route from the disabled parking space to the entrance.  The Motion is **GRANTED** as to all other alleged violations because they are either moot or not recognized as an access barrier under the ADA Accessibility Guidelines.

### I.      BACKGROUND

Plaintiff commenced this action on November 2, 2020.  (Complaint (Docket No. 1)).  On February 26, 2021, Plaintiff filed his First Amended Complaint ("FAC").  (Docket No. 30).  Plaintiff then filed a Second Amended Complaint ("SAC") on April 5, 2021, and a Third Amended Complaint ("TAC") on July 15, 2021.  (Docket Nos. 36, 56).  The Motion moves for summary judgement based on the allegations in the TAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 20-10051-MWF (PVCx)                    Date:  September 2, 2022
Title:     James Shayler v. MMWH Group LLC et al

As an initial matter, the Court notes that instead of providing a Statement of Uncontroverted Facts, Defendants' Separate Statement ("DSS") identifies evidence that they claim disputes almost all the facts in the TAC.  Thus, for purposes of providing the factual background, the Court relies primarily on Plaintiff's Separate Statement of Genuine Disputes of Material Fact ("PSS"), within which he cites evidence in the record for support.  The following background is based on that evidence, as viewed in the light most favorable to the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (acknowledging that on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor.").

Plaintiff is a California resident with disabilities.  (PSS ¶ 1).  He has had two knee surgeries, which cause him severe pain and weak legs.  (*Id.*).  Plaintiff also suffers from several other physical conditions including a pinched sciatic nerve, neuropathy on the bottom of his feet, spinal arthritis, spinal stenosis, spondylosis, herniated disk, and an injury to his right arm.  (*Id.*).  Because of these conditions, Plaintiff has difficulty walking and standing and requires the use of a cane or walker for mobility.  (*Id.*).

Defendants own Balcom's Market (the "Market"), a property located at 600 N. Poplar Ave., Montebello, CA 90640.  (*Id.* ¶ 2; Answer to TAC ¶ 2 (Docket No. 65)).  Plaintiff visited the Property on December 16, 2019, August 17, 2020, and September 14, 2020, to patronize the business located on the property.  (PSS ¶ 2).

On all three visits to the Market, Plaintiff experienced barriers related to parking, signage, entryways, and paths of travel.  (*Id.* ¶ 5).  Specifically, the barriers he allegedly encountered included: 1) the absence of access aisles adjoining accessible routes, 2) faded paint designating disabled parking stalls and access aisles, 3) non-compliant cross slopes of the designated disabled parking space, 4) non-compliant cross slopes of the adjacent access aisle, 5) the absence of an ISA sign, 6) the absence of a designated disabled parking space sign, 7) uneven ground within the designated disabled parking space, 8) uneven surface of the route from the parking stall to the business entrance, and 9) unsecured floor mats inside and outside the business  (TAC ¶ 19).  These barriers interfered with and denied Plaintiff the ability to use and enjoy the goods, services, privileges, and/or accommodations offered at the Property.  (*Id.* ¶ 14).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-10051-MWF (PVCx) | Date:  September 2, 2022 |
| Title:       James Shayler v. MMWH Group LLC et al | |

However, it is undisputed that barriers number one through seven, as listed above, are no longer present at the Market. (PSS ¶¶ 4, 6-11). In other words, Plaintiff contends that Defendants have since remedied those alleged violations. (Opposition at 1). But Plaintiff maintains that two barriers to access remain: the uneven surface along the route from the parking space to the business entrance and the unsecured floor mats. (PSS ¶¶ 5, 12).

The Market is located within a quarter mile of the Beverly Hospital Center for Advanced Wound Healing, where Plaintiff has received treatment. (Declaration of James Shayler ("Shayler Decl.") ¶ 8 (Docket No. 95-4)). Plaintiff has purchased items such as chips and soda from the Market after his visits to the hospital. (*Id.*). Though Plaintiff's future intentions are disputed, Plaintiff has indicated via affidavit that he intends to visit the Market soon because of its proximity to Beverly Hospital. (*Id.* ¶¶ 9-10). Plaintiff also states that he is currently deterred from returning because of his knowledge of the barriers that continue to exist at the Market. (*Id.*).

Plaintiff contends, and Defendants do not appear to dispute, that the applicable accessibility standards for this action are set forth in the 1991 ADA Guidelines for Buildings and Facilities ("ADAAG"). (TAC ¶ 24). Based on the above allegations, Plaintiff brings claims for violations of the ADA and Defendants move for summary judgment on each allegation. (*See generally* TAC; Motion).

## II.     LEGAL STANDARD

In deciding a motion for summary judgment under Rule 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Ninth Circuit has defined the shifting burden of proof governing motions for summary judgment where the non-moving party bears the burden of proof at trial:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

| | |
|---|---|
| Case No. CV 20-10051-MWF (PVCx) | Date: September 2, 2022 |
| Title: James Shayler v. MMWH Group LLC et al | |

The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)).

"A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson*, 477 U.S. at 249-50. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)). Additionally, where the facts set forth by the moving party specifically contradict the facts of the non-moving party, the motion for summary judgment must be denied. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

### III. **DISCUSSION**

The parties raise various discovery and jurisdictional disputes in addition to arguments on the merits. The Court discusses each in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

| | |
|---|---|
| Case No. CV 20-10051-MWF (PVCx) | Date: September 2, 2022 |
| Title: James Shayler v. MMWH Group LLC et al | |

### A. <u>Discovery Disputes</u>

As an initial matter, the Court notes that discovery disputes litter the parties' briefs. In its Order Denying Plaintiff's Motion for Summary Judgment ("Prior Order"), this Court advised the parties that it "will not address either party's arguments related to discovery conduct unless a discovery motion is before the Court." (Docket No. 91). Yet, Defendants have failed to heed that warning. While Defendants may indeed have legitimate complaints and objections to Plaintiff's conduct, in light of the Prior Order, the Court is baffled as to why these complaints are again being raised in a summary judgment motion.

In their Motion, Defendants insist that Plaintiff is "barred from offering evidence to support [his] claims" because "Plaintiff obstructed discovery at every turn." (Motion at 20). Defendants cite a single case, *R & R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1246-1248 (9th Cir. 2012), to support their position that the Court should take that drastic, case-ending measure. While *R&R* does establish certain standards for discovery sanctions, Defendants have not provided any explanation of how and why that case should apply here. The Court does not have enough information to decide on the discovery disputes even if it was willing to consider them (it is not). After reading the Defendants' briefs, the Court is left with more questions than answers. Which of Plaintiff's exhibits did Plaintiff fail to timely produce or to supplement? Why did Defendants not bring a motion to compel Plaintiff to appear for a deposition or to respond to their interrogatories? Defendants argue that Plaintiff "*in effect*, disclosed no facts" and that he should be barred from "offering ***new*** evidence." (Motion at 8) (emphasis added). Does the "in effect" qualifier mean Plaintiff disclosed/produced some documents? Which of Plaintiffs evidence is "new" evidence? In Defendants' Reply, instead of pointing to specific exhibits that should be excluded, they attach new exhibits (which, itself is improper), from another case. (Reply at 1-11). Moreover, Plaintiff insists that he has timely objected to his deposition, offered to make himself available on alternative dates, and properly objected to certain of Defendants' discovery requests as "fishing expeditions." (Opposition at 2). Defendants fail to respond to these arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-10051-MWF (PVCx) | Date:  September 2, 2022 |
| Title:       James Shayler v. MMWH Group LLC et al | |

The failure of Defendants to make their discovery objections clear in a properly filed discovery motion is unfortunate.  If in fact Plaintiff has obstructed discovery in bad faith, such that he should be precluded from offering any evidence to prove his claims, that would of course end this matter.  But because Defendants have not made it clear how exactly the rules were violated and which documents it seeks to exclude, the Court cannot possibly determine the appropriate sanctions, if any.  Defendants should have raised their discovery disputes in an appropriate motion before the Magistrate Judge.  Because they failed to do so, the Court has considered the evidence put forth by Plaintiff in deciding this Motion.

### B.     Standing

Although the briefing is less than clear, Defendants appear to contest Plaintiff's standing based on a lack of "injury."  (Motion at 20).

Courts employ a three-part test to determine if a Plaintiff has Article III standing.  *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).  First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  *Id.*  Second, there must be a causal connection between the injury and the conduct complained of.  *Id.*  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  *Id.*  "In the ADA context, a plaintiff may establish injury in fact to pursue injunctive relief through evidence that the plaintiff encountered an access barrier and either intends to return or is deterred from returning to the facility."  *Kirola v. City and Cty. of San Francisco*, 860 F.3d 1164, 1174 (9th Cir. 2017) (citing *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 950 (9th Cir. 2011) (en banc)).  A likelihood of future injury is required to sustain prospective injunctive relief.  *See id.* (citing *Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)).

Defendants seem to argue that Plaintiff cannot establish that he suffered an "injury" because 1) the evidence demonstrates Plaintiff is able to walk without the use of a cane and 2) that even if he is disabled, Plaintiff's mobility limitations would not have denied him access.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 20-10051-MWF (PVCx) | Date: September 2, 2022 |
| Title: James Shayler v. MMWH Group LLC et al | |

Defendants made, and the Court rejected, similar arguments regarding the veracity of Plaintiff's disability in its Motion to Dismiss briefing. (Docket No. 60-1; Exhibits G-K). As a result, this Court issued an Order to Show Cause ("OSC") why summary judgment should not be entered against Plaintiff on the ground that he is not disabled, either for lack of standing or for failure to prove an element of his claim. (Docket No. 64). Plaintiff submitted a Response to the OSC, including signed writings from five different licensed physicians that verify Plaintiff suffers from multiple impairments that could substantially limit one or more major life activities, such as walking and standing. (Docket No. 66). In its Discharge of Order to Show Cause re: Summary Judgment, this Court concluded that "[t]hese impairments qualify as a disability under the Americans with Disabilities Act ("ADA")." (Docket No. 71) (citing 42 U.S.C. § 12102(1)(A)). Therefore, the Court again declines to dismiss this action based on Defendants' assertion that Plaintiff can walk without a cane.

As for Defendants' contention that Plaintiff's disabilities do not deny him access because he can still enter the Market despite any alleged ADAAG violation, such arguments are disputed by Plaintiff's declaration and insufficient under the case law. (*See* Shayler Decl. ¶ 12). In his declaration, Plaintiff asserts that he visited the Market on three occasions, and during his visits he "could not easily access the Property and/or the business." (*Id.*). He further states: "I had difficulty parking, disembarking from the car, and walking to and entering the business given the hazards at the Property. I experienced difficulty, humiliation, and frustration." (*Id.*). Plaintiff also states that he is "deterred from visiting the property because [he is] aware that access barriers (i.e., conditions in violation of the ADA) still exist." (*Id.* ¶ 10). Finally, Plaintiff states that "[he] intend[s] and plan[s] to visit the Property again …. [because] [t]he Property is conveniently located near a hospital where I receive medical treatment[.]" (*Id.* ¶ 9).

Under the ADA, a disabled person suffers an injury-in-fact when discriminatory architectural barriers deter him from returning or they "otherwise interfere with his access to" the facility. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 950 (9th Cir. 2011). Defendants fail to appreciate that, under the ADA, "when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way[,]" but rather, barriers that "interfere with disabled

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 20-10051-MWF (PVCx) | Date: September 2, 2022 |
| Title: James Shayler v. MMWH Group LLC et al | |

individuals' 'full and equal enjoyment' of places of public accommodation," constitute "discrimination," and are sufficient to confer standing. *See id.* at 945, 947 (internal citations omitted). "Because the ADAAG establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access[.]" *Id.* at 947. Here, the barriers Plaintiff complains of relate to his mobility limitations, and therefore, if the ADAAG violations exist, Plaintiff can establish that he has been denied "full and equal enjoyment" of Defendants' Market. Accordingly, Plaintiff has suffered an injury-in-fact sufficient to establish standing to raise his ADA claims.

In Defendants' Reply, they raise a new argument as to why Plaintiff lacks standing. They argue Plaintiff lacks standing because "he has no plans to return to Blacom's Market." (Reply at 3). Defendants base this argument on Plaintiff's deposition testimony which they obtained through litigation of another case on August 3, 2022, where Plaintiff indicated he does not have a current appointment at the hospital near the Market, and thereby, implied he has no present plans to return to the Market. (*Id.*).

The Court has previously cautioned these Defendants that it will not consider new arguments and evidence raised for the first time in a reply brief. *See* Docket No. 64 at 4-5); *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *In re China Intelligent Lighting & Electronics, Inc. Sec. Litig.*, No. CV 11-2768 PSG SSX, 2012 WL 3834815, at *4 (C.D. Cal. Sept. 5, 2012) ("The Court will not address new arguments raised for the first time in a reply brief." ); *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers.").

While Defendants may argue that they should be entitled to offer this new evidence because the deposition they refer to occurred after they filed their Motion, such an argument only underscores why Defendants should have sought to compel the Plaintiff's deposition ***in this action***, before bringing this Motion and prior to the close of the discovery period. The rationale for disallowing new evidence and arguments in

| | | |
|---|---|---|
| **CIVIL MINUTES—GENERAL** | | 8 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No. CV 20-10051-MWF (PVCx)      Date: September 2, 2022
Title:     James Shayler v. MMWH Group LLC et al

a reply brief are on full display here: Defendants seek to introduce testimony that allegedly contradicts Plaintiff's declaration (Reply at 4-5), but Plaintiff has not had an opportunity to explain or respond to the alleged discrepancies. Without further information from Plaintiff, the Court cannot determine whether there is a sincere explanation for his seemingly conflicting testimony or if the statements in his affidavit were a sham to manufacture standing.

And even if the Court were to consider the testimony offered in Defendants' Reply, it would not lead the Court to grant Defendants' Motion. While the general rules is that "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony," the Ninth Circuit has made clear that district courts cannot disregard an affidavit on summary judgment unless the court can make "a factual determination that the contradiction was actually a 'sham.'" *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266-67 (9th Cir. 1991). As noted, the Court cannot make such a finding on this record.

Accordingly, the Court holds that Plaintiff has established standing to bring his ADA claims.

### C. Mootness

Defendants offer evidence, through the declaration of their expert and accompanying photographs, of their compliance with several of the alleged ADA violations in Plaintiff's TAC. (Motion at 11-18). Plaintiff concedes that seven of the nine barriers he initially encountered as specified in his TAC are no longer present at the Market. Those include the following: 1) the absence of access aisles adjoining accessible routes, 2) faded paint designating disabled parking stalls and access aisles, 3) non-compliant cross slopes of designated disabled parking space, 4) non-compliant cross slopes of adjacent access aisle, 5) the absence of an ISA sign, 6) the absence of a designated disabled parking space sign, and 7) uneven ground within the designated disabled parking space. (PSS ¶¶4, 6-11). Plaintiff argues, however, that Defendants "have not shown that previously existing violations cannot [be] reasonably expected to recur." (Opposition at 10). Thus, the question is whether Defendants' remedial efforts moot those claims.

---

**CIVIL MINUTES—GENERAL**          9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

| | |
|---|---|
| Case No. CV 20-10051-MWF (PVCx) | Date: September 2, 2022 |
| Title: James Shayler v. MMWH Group LLC et al | |

At the hearing, Defendants' counsel contended that they had not moved on mootness, but rather, Defendants argue that their briefs and supporting evidence establish that the conditions at the Market never violated the ADA. However, Defendants are not before this Court seeking a declaratory judgment that their building is and always was ADA compliant. The question on summary judgment as to Plaintiff's FAC is whether **Plaintiff** has identified sufficient evidence to establish a triable issue of fact. Where, as here, Plaintiff indicates that Defendants have remedied previously alleged violations, the Court is required to assess its jurisdiction to continue to preside over the matter. *See Nome Eskimo Cmty. v. Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995) ("[T]he federal courts lack power to make a decision unless the plaintiff has suffered an injury in fact, traceable to the challenged action, and ***likely to be redressed by a favorable decision***.") (internal citation omitted) (emphasis added); *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002) ("Although mootness was not raised by the [parties,]" courts "must raise issues concerning our subject matter jurisdiction sua sponte" and "[t]his includes mootness"). Since Plaintiff contends that certain challenged conditions no longer exist at the Market, the Court may not simply issue an advisory opinion as to whether such conditions ever existed at all. Accordingly, the Court appropriately proceeds to assess whether certain of Plaintiff's claims are moot.

"Injunctive relief is the only remedy available to a private plaintiff under the ADA." *Kohler v. In-N-Out Burgers*, No. CV 12-5054-GHK (JEMx), 2013 WL 5315443, at *7 (C.D. Cal. Sept. 12, 2013) (citing *Oliver v. Ralphs Grocery Store Co.,* 654 F.3d 903, 905 (9th Cir. 2011). Hence, if "a challenged condition has been remedied by the defendant, a plaintiff has received everything to which he would have been entitled under the ADA, and the claim is usually moot." *Id.*; *see also Kohler v. Bed Bath & Beyond of Cal.,* 2012 WL 3018320, at *4 (C.D. Cal. 2012); *Grove v. De La Cruz,* 407 F. Supp. 2d 1126, 1130–31 (C.D. Cal. 2005).

However, as Plaintiff points out, the voluntary cessation doctrine is a well-recognized exception to the general rule against consideration of moot cases, i.e., that the mere cessation of illegal activity in response to pending litigation does not moot a case, unless the party alleging mootness can show that it is "'absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" *Langer v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No. CV 20-10051-MWF (PVCx)**          **Date: September 2, 2022**
**Title:**     James Shayler v. MMWH Group LLC et al

*Kaimana LLC*, CV 16-7452-DMG (AFMx), 2016 WL 7029151, at *2 (C.D. Cal. Dec. 1, 2016) (quoting *Friends of the Earth v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). Based on the voluntary cessation doctrine, courts are reluctant to find an ADA claim moot when defendants have come into compliance merely through a change in policy; however, courts have more readily found ADA claims mooted based on physical remedial measures given it would be illogical for Defendants to undue structural changes when they have already incurred the expense of remedying the violation. *Compare, e.g.*, *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 862 (N.D. Cal. 2011) (finding voluntary compliance did not render ADA injunctive relief claim moot because defendant "could change or rescind its policies at any time") *with Kohler*, 2013 WL 5315443, at ** 7-8 (finding injunctive relief claim moot since alleged barriers with respect to water closet stall, side grab bar, paper towel dispenser, and restroom exit have been remedied).

       Here, there is no indication from either party that the alleged violations have been remedied through policies. In fact, Plaintiff has not explained to the Court in any fashion what steps Defendants have taken to change their property, which have led Plaintiff to now claim only two, rather than nine, current bases for ADA violations in his Opposition. (*Compare* TAC at 8-10 *with* Opposition at 7-10). While Plaintiff cites *Friends of the Earth* to argue that Defendants have the "formidable burden" of demonstrating that it is "absolutely clear the alleged wrongful behavior could not reasonably be expected to recur," here, Defendants have at least met their initial burden by coming forward with an expert who opines that the physical conditions of Defendants' property do not violate the ADAAG in the ways in which Plaintiff alleges. (*See* Opposition at 12; Motion at 12; Declaration of Hani Youssef ("Youssef Decl.") ¶ e, Ex. M (Docket Nos. 93-4, 93-19)).

       Considering such evidence, Plaintiff cannot simply assert that the violations are likely to reoccur. At the very least, it is Plaintiff's burden in opposing Defendants' Motion to bring to the Court's attention what changes in Defendants' property have taken place and then to articulate why those changes are prone to reoccurrence. The Court cannot be expected to dig through the docket without any direction from Plaintiff and figure out which of Plaintiff's exhibits the Court should compare with which of Defendant's exhibits and to conclude how each previously alleged violation has been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 20-10051-MWF (PVCx) | Date: September 2, 2022 |
| Title: James Shayler v. MMWH Group LLC et al | |

remedied. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles" (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Therefore, the Court can only assume that Defendants have remedied the violations through physical changes (i.e., fresh paint, widening access aisles, removing graffiti etc.). So, Plaintiff's argument that Defendant might revert to non-compliance is "illogical," because doing so might actually cost Defendant more than maintaining compliance. *See Kohler*, 2013 WL 5315443, at *7 (citing *Bed Bath & Beyond*, 2012 WL 3018320, at *4). As such, Plaintiff "must come forward with more persuasive evidence to support their claim than would otherwise be necessary." *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "[W]here '[intervening] events have completely and irrevocably eradicated the effects of the violation,' the case is moot." *Id.* (citing *Am. Cargo Transp., Inc. v. United States,* 625 F.3d 1176, 1179 (9th Cir. 2010)).

Accordingly, the Court rules that the concededly remedied violations are moot.

### D.      Non-Remedied Violations

Plaintiff contends that two barriers to access still exist at Defendants Market. (Opposition at 7-10).

Title III of the ADA prohibits places of public accommodation from discriminating against individuals with disabilities. 42 U.S.C. § 12182, *et seq.* Discrimination includes failing "to remove architectural barriers ... in existing facilities ... where such removal is readily achievable." § 12182(b)(2)(A)(iv). To determine if Plaintiff describes an "architectural barrier," the Court must turn to the ADAAG. *See Chapman*, 631 F.3d at 945. Plaintiff establishes a prima facie case under the ADA where any element of a facility does not meet or exceed the requirements set forth in the ADAAG. *Kohler*, 2013 WL 5315443, at *2 (citing *Chapman*, 631 F.3d at 945). A defendant can rebut this prima facie showing, however, by demonstrating that the alleged barrier does not actually interfere with plaintiff's access despite its technical non-compliance with the ADAAG because, for instance, they have provided access through a functionally equivalent mechanism. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

| | |
|---|---|
| Case No.  CV 20-10051-MWF (PVCx) | Date:  September 2, 2022 |
| Title:    James Shayler v. MMWH Group LLC et al | |

Defendants argue that they are in full compliance with the ADA, and even if they are not, they are entitled to summary judgment because Plaintiff offers "no evidence that the proximate cause of his difficulty and discomfort" is attributable to the alleged violations. (Motion at 11; Reply at 12). Plaintiff contests that Defendants remain noncompliant with respect to two elements of the Market: 1) the uneven route from the disabled parking space to the entrance of the Market and 2) the unsecured floor matts. (Opposition at 7-10).

As an initial matter, the Court notes that Defendants' assertion that summary judgment must be granted because Plaintiff has failed to establish proximate cause is unavailing. If Plaintiff identifies evidence that he suffers a disability, that the property is a place of public accommodation, and that the property is non-compliant with the ADAAG, he establishes a prima facie case of discrimination. *See Kohler*, 2013 WL 5315443, at *2. Here, as noted above, Plaintiff has identified evidence that he suffers from a disability recognized by the ADA and neither party disputes that the Market is place of public accommodation. Therefore, the only element in dispute is whether Defendants discriminated against Plaintiff by failing to remove architectural barriers as defined by the ADAAG. If Plaintiff provides evidence of such an architectural barrier, then the burden shifts to ***Defendants*** to rebut the presumption that the access barrier caused Plaintiff's injury. *See id*. Defendants have not provided any evidence to rebut the presumption that such barriers denied Plaintiff "full and equal enjoyment" of the Market, and therefore, the Court declines to give any credence to Defendants' "proximate cause" arguments.

### 1. The Uneven Route from Parking to Entrance

Plaintiff argues that Defendants are not in compliance with Section 4.5.2 of the ADAAG. (Opposition at 7). That section provides that "[c]hanges in level between 1/4 in and 1/2 in (6 mm and 13 mm) shall be beveled with a slope… Changes in level greater than 1/2 in (13 mm) shall be accomplished by means of a ramp." ADAAG § 4.5.2.

Defendants argue that they are entitled to summary judgment on Plaintiff's claim because "Plaintiff fails to identify the location" of the changes and "no such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 20-10051-MWF (PVCx) | Date: September 2, 2022 |
| Title: James Shayler v. MMWH Group LLC et al | |

height variations exist." (Motion at 12).  To support this contention, Defendants point to pictures of the Market parking lot and the testimony of their expert, a certified access specialist ("CAS"), who states "there are no abrupt changes exceeding a quarter of an inch at the parking lot along the trajectory that Plaintiff took to reach the entrance of Balcom's Market."  (Youssef Decl. ¶ e, Ex. M)

In response, Plaintiff has submitted a declaration by his expert, also a CAS, in which the expert opines that as of August 5, 2022, he observed that "the route from the designated disabled parking space to the business entrance contains abrupt vertical edges and/or variations over one-fourth inch (¼)".  (Declaration of John Battista ("Battista Decl.") ¶ 11 (Docket No. 95-2)).  Mr. Battista further elaborates stating that the following conditions are present at the property:

> The truncated domes are located on the route from the designated disabled parking space to the business entrance.
>
> The truncated domes are buckling. The photographs that I took show that there is a change in level from ¾" to 1" over a span of less than 6".
>
> There is a change in level greater than ½" with no compliant ramp.

(*Id.* ¶¶ 12-14).

Plaintiff also submits a picture of the alleged change in level associated with the truncated domes, displaying the method by which the change in level was calculated (i.e., using a level and tape measure to ascertain the variations over a specified area). (*Id.*, Ex. 2).  Plaintiff's expert further opines that repairing the truncated domes would cost an estimated $800 and would take three to four hours to complete.  (*Id.* ¶¶ 3-4).

By pointing to its own evidence that contradicts Plaintiff's evidence, Defendants have not established an absence of genuinely disputed fact but instead demonstrate that a genuine dispute exists.  It "is not the court's function on summary judgment" to "resolve an issue of fact based on conflicting expert testimony."  *Scharf v. U.S. Atty. Gen.*, 597 F.2d 1240, 1243 (9th Cir. 1979); *see also D'Lil v. Riverboat Delta King, Inc.*, 59 F. Supp. 3d 1001, 1009 (E.D. Cal. 2014) ("At summary judgment, the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 20-10051-MWF (PVCx)                    Date:  September 2, 2022
Title:       James Shayler v. MMWH Group LLC et al

cannot weigh the reliability of Charles's method of calculating the slopes of the gangways against Reynolds's opinion that the calculations are inaccurate."). Therefore, Defendants have failed to meet their burden.

Accordingly, the Motion is **DENIED** as to the alleged violation of the ADAAG based on the uneven surface on the route from the parking space to the entrance of the Market.

### 2.  Unsecured Floor Mats

Plaintiff argues that the fabric mats inside the Market and the rubber mats at the front entrance door of the Market are not securely attached to stable surface, and thereby violate Section 4.5.3 of the ADAAG.  (Opposition at 8).  Defendants argue that "[f]loor mats are not covered" by the ADAAG, because the Guidelines "specifically refer to carpet and permanent mats," no moveable floor mats.  (Motion at 18).  On this point, the Court agrees with Defendants.  Section 4.5.3 of the ADA Guidelines provides:

> If carpet or carpet tile is used on a ground or floor surface, then it shall be securely attached; have a firm cushion, pad, or backing, or no cushion or pad; and have a level loop, textured loop, level cut pile, or level cut/uncut pile texture. The maximum pile thickness shall be 1/2 in (13 mm) (see Fig. 8(f)). Exposed edges of carpet shall be fastened to floor surfaces and have trim along the entire length of the exposed edge. Carpet edge trim shall comply with 4.5.2.

Courts have found that this section has no application to moveable floor mats. *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1117 (N.D. Cal. 2017) ("The ADAAG specifically refers to carpet and permanent mats, not moveable rubber floor mats."); *Doran v. 7 Eleven*, No. SACV 04-1125-JVS (ANx), 2008 WL 6259323, at *4 (C.D. Cal. Dec. 22, 2008) (noting that the United States Access Board has indicated that mats are "furnishings," not "carpet," and are therefore, not covered by ADAAG); *Wilson v. Norbreck, LLC*, No. CIVS 04-0690-DFL (JFM), 2005 WL 3439714, at *4–5 (E.D. Cal. Dec. 14, 2005) (holding that ADAAG section about carpeting and mats

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
<u>**CIVIL MINUTES—GENERAL**</u>

| | |
|---|---|
| **Case No.** CV 20-10051-MWF (PVCx) | **Date:** September 2, 2022 |
| **Title:** James Shayler v. MMWH Group LLC et al | |

"do[es] not apply to floor mats"); *White v. Divine Invs., Inc.*, No. Civ.S–04–0206 FCD/DA, 2005 WL 2491543, at *6 (E.D. Cal. Oct. 7, 2005) (same).

     The Court cannot conclude that the floor mats at issue violate the ADAAG. First, as Defendants point out, the outside mats are made of rubber, not carpet. (Motion at 18). But even with respect to the inside mats, the Court concludes that they are "furnishings," not carpet, and thus, are not covered by the ADAAG. *See Doran*, 2008 WL 6259323, at *4 (referring to mats as "furnishings," as opposed to carpet). Plaintiff argues that because the mats inside the Market are made of carpet, the ADAAG applies. (Opposition at 9). Not so. The ADAAG section Plaintiff relies on makes no mention of "mats" or "rugs" and Plaintiff does not cite a single case finding that use of two small fabric mats on top of a tile floor constitute an ADAAG violation. As the *Doran* court noted, such mats, which are designed to provide traction on wet floors, "may actually improve the accessibility of a surface." *See Doran*, 2008 WL 6259323, at *4 (internal citations omitted). Indeed, the inside mats depicted in Plaintiff's exhibit appear to be placed under a refrigerator and ice dispenser, areas that could easily get wet when ice dispenses or melts. (*See* Declaration of Marc Friedlander ("Friedlander Decl."), Ex. 1). That they are being used for such a purpose is further made clear by the fact that a "caution: wet floor" sign is placed on top of one of the maps in the picture. (*Id.*). Such mats could improve accessibility.

     Plaintiff's expert opines that because the floor mats made of carpet inside the Market are not secured it "can easily cause buckling and rolling." (Friedlander Decl. ¶ 5). But this statement alone is insufficient to demonstrate how the mats decrease accessibility or cause a hazard for Plaintiff. *Crandall*, 249 F. Supp. at 1117 (denying plaintiff's summary judgment motion regarding floor mats where plaintiff had not provided any evidence that said mats were "unstable or loose or that they provide a tripping hazard"). Because Plaintiff has failed to establish that the floor mats at issue are an ADAAG violation, there is no genuine dispute on this issue. *See White v. Divine Invs. Inc.*, 286 F. App'x 344, 346 (9th Cir. 2008) ("In Title III design cases, the ADAAG define discrimination, and absent an ADAAG violation, no discrimination has occurred.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

| | |
|---|---|
| Case No.  CV 20-10051-MWF (PVCx) | Date:  September 2, 2022 |
| Title:     James Shayler v. MMWH Group LLC et al | |

Accordingly, Defendants' Motion is **GRANTED** as to the alleged violation of the ADAAG based on the unsecured floor mats.

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, the Motion is **GRANTED** as to the following alleged violations: 1) the absence of access aisles adjoining accessible routes, 2) faded paint designating disabled parking stalls and access aisles, 3) non-compliant cross slopes of designated disabled parking space, 4) non-compliant cross slopes of adjacent access aisle, 5) the absence of an ISA sign, 6) the absence of a designated disabled parking space sign, 7) the uneven ground within the designated disabled parking space, and 8) the unsecure floor mats.

The Motion is **DENIED** as to the alleged violation based on the uneven surface on the route from the parking space to the entrance of the Market because there remains a triable issue of fact as to whether the level change violates the ADAAG. The subsequent dates in the Scheduling Order pertaining to trial remain in effect.

Judgment on the claims as to which summary judgment has been granted will be entered in a final judgment after completion of the action.